Opinion Issued January 10, 2008














Opinion Issued January 10, 2008

 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-00841-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



JARVIS HARDEWAY, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 988922

 








 



MEMORANDUM OPINION

          Appellant
Jarvis Hardeway pleaded not guilty to the felony offense of indecency with a
child by contact. See Tex. Pen. Code Ann. § 21.11 (Vernon 2005).
 The jury found Hardeway guilty and assessed
punishment at five years’ confinement with a recommendation for community
supervision. In one issue, Hardeway challenges the factual sufficiency of the
evidence to establish the identity of Hardeway as the perpetrator of the
offense.  We conclude that the evidence
is factually sufficient and, therefore, affirm.

Background

          Z.F. was eleven years old when he
accompanied his mother and sister to a grocery store on the evening of January
13, 2003.  Z.F. insisted that he needed
to use the restroom, and his mother allowed him to go.  The restroom was in the back of the store,
connected to the employee break room. 
The entrance to the back of the store, where the restroom was located,
was visible from the deli counter, where Hardeway was working.  Z.F. was using the urinal when he heard
someone enter the restroom.  Z.F.
testified that as the person entered the restroom, Z.F. looked up and saw his
face.  Z.F. recognized him as an employee
of the grocery store, and later identified him both to the police and at trial
as Hardeway.  After entering the
restroom, Hardeway began flickering the lights on and off, before ultimately
turning them off.  Z.F. at first believed
that it was the janitor.  Nonetheless, it
scared Z.F., and he pulled up his pants. 
Although the bathroom was quite dark, Z.F. testified that there was some
light entering from the adjoining break room through the grate in the
door.  Z.F. heard Hardeway first walk
past him towards the stalls, and then turn around and approach Z.F.  Hardeway reached over Z.F.’s shoulder and
rubbed Z.F.’s penis over his clothing. 
Z.F. began to scream, and Hardeway ran out of the bathroom.  Z.F. testified that the entire incident
lasted only a few seconds.  As Hardeway
was leaving, the light from the break room illuminated him, and Z.F. saw
Hardeway’s back.  The man running from
the bathroom was wearing the same clothes as the man whom Z.F. saw enter the
restroom a few minutes earlier.

          Z.F.
tried to leave the restroom, but according to Z.F., Hardeway held the door
shut, even though the door only has a handle on the inside.  After a few seconds, Z.F. managed to open the
door and ran to his mother.  He told her
that a man had touched him in the restroom and described him as a tall, bald,
black man, wearing glasses and a purple jacket. 
His mother took Z.F. and his sister to the restroom, but there was no
one inside.  His mother continued to
search for the offender in the back of the store.  She then realized that Z.F. meant a maroon
employee apron or smock when he said purple sweater and asked Z.F. about the
clothing.  Z.F. confirmed that he meant
an employee apron.  

Z.F.’s mother then took the children
to the front of the store to speak with a manager.  As she was speaking to a customer services
manager, Reginald Grant, Hardeway approached them claiming that he was not in
the bathroom and that “it wasn’t him.” 
Upon seeing Hardeway, Z.F. whispered to his mother that Hardeway was the
man who had touched him.  Grant testified
that Hardeway began denying his involvement before Z.F. or his mother had even
finished recounting to Grant what had taken place and before anyone had accused
Hardeway.  Grant also attested that only
the deli employees wear maroon aprons at work, and the only two people working
in the deli on the day of the offense were Hardeway and a female employee.

Houston Police Department Officer
Akahoski arrived at the store and interviewed Z.F., his mother, and
Hardeway.  When questioned by Officer
Akahoski, Hardeway initially denied going to the restroom.  He changed his story after the other deli
employee stated that Hardeway told her that he was leaving to use the
restroom.  Hardeway then claimed that he
originally planned to use the restroom, but stopped to assist a customer and
never made it there.  Akahoski checked
the bathroom, but did not take any photographs or dust for fingerprints.  He could not recall if the lights were on or
off when he entered.

At trial, Hardeway called a private
investigator who had examined the restroom. 
He testified that without the lights on, the bathroom was very dark,
making it impossible to see anyone. 
Grant corroborated this by tesifying that one cannot see anything in the
restroom when the lights are off.  The
investigator also testified that when he stood at a normal position at the
urinal, the partition between the urinal and the door prevented him from seeing
anyone enter.

Factual Sufficiency

Hardeway contends that the evidence
is factually insufficient to support a guilty verdict because the bathroom was
too dark for Z.F. to have seen or identified Hardeway as the offender.

A. Standard of Review

In evaluating factual sufficiency, we
consider all the evidence in a neutral light to determine whether the jury was
rationally justified in finding guilt beyond a reasonable doubt.  Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App.
2006).  We set aside the verdict only if
(1) the evidence is so weak that the verdict is clearly wrong and manifestly
unjust or (2) the verdict is against the great weight and preponderance of the
evidence.  Johnson v. State, 23 S.W.3d
1, 11 (Tex.
Crim. App. 2000).  Under the first prong
of Johnson, we cannot conclude that a verdict is “clearly wrong” or
“manifestly unjust” simply because, on the quantum of evidence admitted, we
would have voted to acquit had we been on the jury.  Watson, 204 S.W.3d at 417. 
Under the second prong of Johnson, we cannot declare that a
conflict in the evidence justifies a new trial simply because we disagree with
the jury’s resolution of that conflict.  Id.  Rather, before finding that evidence is
factually insufficient to support a verdict under the second prong of Johnson,
we must be able to say, with some objective basis in the record, that the great
weight and preponderance of the evidence contradicts the jury’s verdict.  Id.  We must also discuss the evidence that most
undermines the jury’s verdict.  See
Sims v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003).  

B. Indecency with a Child by Contact

A person commits indecency with a
child if, with a child younger than seventeen years and not the person’s
spouse, whether the child is of the same or opposite sex, the person engages in
sexual contact with the child.  Tex. Pen. Code Ann. § 21.11(a)
(1).  “Sexual contact” means any touching
by a person, including touching through clothing, of any part of the genitals
of a child, if committed with the intent to arouse or gratify the sexual desire
of any person.  Id.
§ 21.11(c) (1).

C. Sufficiency of the Evidence

          Hardeway
contends that it was too dark in the restroom for Z.F. to have identified the
offender, as proven by the private investigator’s testimony and the testimony
by Grant.  However, Z.F. testified that
he saw Hardeway in the light when Hardeway first opened the door and again saw
his back when Hardeway fled the restroom. 
Z.F. described the offender as a tall, baldheaded, black man wearing
glasses and a purple sweater or apron, which matched Hardeway’s
appearance.  In addition, Z.F. identified
Hardeway at trial as the offender.  This
testimony supports the verdict.  

In addition to Z.F.’s testimony,
there was also testimony from other witnesses that supports Z.F’s account.  Grant, the customer services manager,
testified that Hardeway began denying any wrongdoing before anyone had accused
him and prior to Z.F.’s mother explaining the situation.  In addition, the female deli worker confirmed
that Hardeway had told her that he was leaving the counter to use the restroom
and saw him walk in that direction, although she did not see him actually enter
the restroom.  Furthermore, Hardeway
changed his version of events when questioned by the police.  He first claimed that he did not leave the
deli counter at all, and then admitted that he did leave to go to the restroom,
but that he never actually went in, because a customer stopped him.

The
fact-finder is the exclusive judge of the witnesses’ credibility and the weight
to be given to their testimony.  Jones
v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996).  As the determiner of the credibility of the
witnesses, the fact-finder may choose to believe all, some, or none of the
testimony presented.  Cain v. State,
958 S.W.2d 404, 407 n.5 (Tex. Crim. App. 1997). 
The jury is free to accept the victim’s testimony over that of other witnesses,
including the defendant, and disregard any inconsistencies.  Glockzin
v. State, 220 S.W.3d 140, 147 (Tex. App.—Waco 2007, pet. ref’d); see also Perez v. State, 113 S.W.3d 819, 838–39 (Tex. App.—Austin 2003, pet.
ref’d).  As an appellate court, we must avoid re-weighing the
evidence and substituting our judgment for that of the fact-finder. Johnson
v. State, 967 S.W.2d 410, 412 (Tex.
Crim. App. 1998); see also Wilson
v. State, 863 S.W.2d 59, 65 (Tex.
Crim. App. 1993); King v. State, 29 S.W.3d 556, 562 (Tex.
Crim. App. 2000).  We defer to the jury’s
findings.  The State’s evidence was not
so obviously weak or contrary to the overwhelming weight of the evidence as to
be factually insufficient.  We hold that
factually sufficient evidence supports the verdict.

Conclusion

          We
hold that the evidence is factually sufficient to support the conviction and
therefore affirm the judgment of the trial court.

                                                

 

 

                                                                   Jane Bland

                                                                   Justice

 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.

Do not publish.  See Tex. R. App. P. 47.4.